Filed 3/3/16  In re A.L. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re A.L., A Person Coming Under the Juvenile Court Law. | B261522 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>A.L.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. DK06627) |

APPEAL from orders of the Superior Court of Los Angeles County.  Steven Klaiff, Judge.  Affirmed.

Roni Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Tracey Dodds, Deputy County Counsel, for Plaintiff and Respondent.

_____

Adrian L. (father) appeals from part of the order adjudicating his son, A.L., a dependent of the court, and from part of the dispositional order. A.L. was declared dependent on several bases pertaining to the conduct of both mother and father. Father challenges only the jurisdictional finding that A.L. was dependent due to a risk of harm arising from father's unresolved history of methamphetamine abuse. After the jurisdictional finding, A.L. was placed in the custody of a relative. Father argues that because he had planned for A.L. to be placed with that relative, it was unnecessary to remove A.L. from his legal custody. He also challenges the court's dispositional order that his visitation with A.L be monitored. While this appeal was pending, A.L. was returned to the home of both of his parents. Due to this recent development, we conclude that all of father's challenges are no longer justiciable, and therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

As we ultimately conclude we need not reach the issues in father's appeal, only a limited review of the facts is necessary. The family unit in this case consisted of mother, father, mother's eight-year-old son from a previous relationship, and newborn A.L.

A.L. was born in July 2014. Less than two weeks earlier, mother tested positive for methamphetamine, and a referral was made to the Los Angeles County Department of Children and Family Services (DCFS). Although A.L.'s toxicology screen was negative at birth, he was detained in the hospital due to the earlier referral. The social worker's initial investigation revealed that mother and father both used methamphetamine. It also revealed that father had been arrested on July 25 and was incarcerated.

On July 30, 2014, DCFS filed a petition alleging, among other things, that A.L. and his brother were dependents under Welfare and Institutions Code section 300 subdivision (b), because they were at risk of harm due to mother's drug abuse, mother's emotional health issues for which she failed to take her prescribed medication, and father's drug abuse. By this time, father's cousin, Yesenia L., had sought possible

2

relative placement of A.L.[1]  Until Yesenia was approved for placement A.L. was detained in a foster home.

After father's arrest, he worked with his attorney to enroll in a residential substance abuse program.  Interviewed by a DCFS social worker, father admitted that he had used methamphetamine with mother approximately two to three times per week.  Father admitted that he was addicted to methamphetamine.  He had previously attended a drug treatment program in 2012, but left after a couple days.  Father believed he was ready to get clean.  He did not want to lose A.L.  He saw the DCFS involvement as a reality check.  Although he had not been in the program long, he believed it was helping him open his mind.  When asked about his perception of his needs, father stated that he needed drug counseling and parenting.  He wanted to be drug tested as often as possible to show that he was not using.

On October 9, 2014, after reviewing the evidence at the adjudication hearing, the court declared A.L. dependent, based on mother's drug use (including leaving methamphetamine where A.L.'s brother could access it), mother's untreated depression and anxiety, and father's unresolved history of methamphetamine abuse.

The court then turned to the issue of disposition.  Father's counsel asked to be heard on the issue.  Father's counsel requested that father's visits be unmonitored in a public area.  At no point did father's counsel state that removal from his custody was

---

[1]   Father's argument that the dispositional order removing A.L. from his custody was unnecessary is based on his theory that he had provided for A.L.'s care during his incarceration by requesting that A.L. be placed with Yesenia L. before the dependency petition was even filed.   This is unsupported by the record.  While it is true that Yesenia expressed interest in a relative placement of A.L. before the petition was filed, there is no indication that Yesenia did so because father had planned for her to take A.L.  Indeed, father did not speak to any social workers – to recommend Yesenia or otherwise – until after A.L. had been detained and placed in a foster home.  A social worker had briefly approached father on the street (before father's arrest) and identified himself as "DCFS."  Father walked away.

unnecessary. A.L. was placed with Yesenia L. Father's visitation was monitored.[2] He was also ordered to participate in a drug program with random testing, parenting classes, and individual counseling.

Approximately one year later, at a review hearing, the order for suitable placement of A.L. was terminated. A.L. was ordered placed in the home of both of his parents under DCFS supervision, with family maintenance services to be provided.[3] We took judicial notice of the order placing A.L. with his parents and asked the parties to brief the effect of the order on this appeal. The parties filed letter briefs and we have considered them.

## DISCUSSION

On appeal, father makes three arguments, all of which are either nonjusticiable or moot in light of A.L.'s return to his parents' custody. We discuss the arguments in reverse chronological order.

First, father challenges the dispositional order limiting him to monitored visitation. But father's visits are no longer monitored; in fact, A.L. has been returned to his custody. When, pending an appeal, without fault of the respondent, an event occurs which renders it impossible for this court, if it decides the case in favor of appellant, to grant any effectual relief, the appeal becomes moot. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316.) Defendant's challenge to the monitored visitation is thus moot.

Second, father challenges the dispositional order removing A.L. from his custody. Again, as A.L. has been returned to his custody, the challenge is moot.

---

[2] Eight months later, on June 8, 2015, the trial court issued a second order requiring monitored visitation. That order is the subject of a second appeal (case No. B265810). We have dismissed that appeal as moot.

[3] In a related appeal, we took judicial notice of the dependency court's November 24, 2015 order. We now take judicial notice of the order in this case.

Third, father challenges the jurisdictional order to the extent jurisdiction was found based on a risk of harm to A.L. arising from father's unresolved history of methamphetamine abuse.[4] However, father does not question the other grounds for the adjudication of A.L. as dependent based on mother's conduct.

"It is a fundamental principle of appellate practice that an appeal will not be entertained unless it presents a justiciable issue. [Citations.]" (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489.) When a child has been adjudicated dependent on multiple bases, and a parent challenges some, but not all, of the bases, the parent's appeal presents no genuine challenge to the court's assumption of jurisdiction over the child. As a result, even if the appeal is meritorious, no effective relief can be granted. (*Id*. at p. 1491.) This rule is not absolute, however. Courts have discretion to reach the merits of a such a challenge, and often do so when the jurisdictional finding "(1) serves as the basis for dispositional orders that are also challenged on appeal [citation]; (2) could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings [citations]; or (3) 'could have other consequences for [the appellant], beyond jurisdiction' [citation]." (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763.)

Father argues that we should exercise our discretion to reach the merits of his jurisdictional challenge. However, he has not suggested in a tangible way how the finding that his methamphetamine abuse presented a risk to A.L. could potentially affect him. While it served as a basis for his challenge to the dispositional order, that challenge is now moot.[5] While father asserts there are many ways in which the jurisdictional finding could conceivably come back to haunt him in this or a future dependency

---

[4] Father does not question that he did, in fact, have an unresolved history of methamphetamine abuse. His challenge is to the evidence of a risk of harm to A.L. arising from father's drug use.

[5] Father makes no challenge to the orders that he participate in a drug program, drug testing, parenting, or counseling. Indeed, these orders appear appropriate under the circumstances, even if father was non-offending.

proceeding, father's is a boilerplate argument, which fails to indicate how this particular jurisdictional finding will have an adverse effect on him.[6]

## DISPOSITION

The jurisdiction and dispositional orders are affirmed.




                                                    RUBIN, ACTING P. J.
WE CONCUR:



        FLIER, J.



        GRIMES, J.

---

[6] In his letter brief, father notes that Welfare and Institutions Code section 361.5, subdivision (a)(4) limits the amount of time for reunification services to 24 months after the initial removal. He argues that, should A.L. be again removed from his custody, the initial year of removal would improperly be counted against him under this statute, because the initial removal was erroneous. But even if father's drug abuse were found not to have been a basis for jurisdiction, *removal* was necessary because mother presented a risk of harm to A.L. and father was incarcerated and/or in a residential treatment program. To the extent father argues removal was nonetheless unnecessary because he had planned for A.L. to be in Yesenia L.'s care, father did not make this argument at the disposition hearing. "As a general rule, a party is precluded from urging on appeal any point not raised in the trial court." (*In re Richard K.* (1994) 25 Cal.App.4th 580, 590.)